UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RONICA LEGGETT, <br>     Plaintiff | ) <br> ) <br> ) <br> ) | |
| v. | ) <br> ) | C.A. No. <br> JURY DEMANDED |
| SCHREIBER/COHEN, LLC <br>     Defendant | ) <br> ) <br> ) | |

**COMPLAINT**

This civil action arises out of attempts to collect the residual balance of a 1997 lease of a Toyota Corolla. Ms. Leggett brings this action against debt collector Schreiber/Cohen, LLC to recover actual and statutory damages, costs, and attorney's fees for violation of the Fair Debt Collection Practices Act ("FDCPA"). The Defendant violated the FDCPA or about April 22, 2015 when it served Ms. Leggett with a summons and complaint in a wage garnishment action filed in Stoughton District Court. This is neither the judicial district in which Ms. Leggett resided when she signed the original lease agreement, nor the judicial district in which she resided when the wage garnishment action was filed, nor the judicial district in which the Trustee Defendant has a usual place of business.  Moreover, the 2001 judgment that underlies Defendant's wage garnishment action entered in the Central Division of Boston Municipal Court at a time when Ms. Leggett was a Mattapan resident. Venue was therefore improper in the <u>that</u> collection action, of which Ms. Leggett received no notice, and in which judgment entered by default on February 28, 2001. Although courts in this Circuit have held that the FDCPA's venue provision does not control in a proceeding to enforce a judgment entered in the proper forum, this case is distinguishable on its facts, and Defendant cannot avoid liability for an FDCPA violation where venue was <u>never</u> proper in connection with attempts to collect this debt.

## THE PARTIES

1. Plaintiff Ronica Leggett is a natural adult person residing in Weymouth, Norfolk County, Massachusetts.

2. Defendant Schreiber/Cohen, LLC ("Schreiber/Cohen") is an Indiana limited liability company with a principal place of business in Salem, New Hampshire.

## JURISDICTION

3. This Court has jurisdiction over the claims asserted herein pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Ms. Leggett's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

5. Ms. Leggett is an adult consumer and debtor allegedly personally liable for debt incurred under a single account as a result of purchasing goods, services and/or personal property for personal, family or household purposes, and alleged to be more than thirty (30) days past due and owing.[1]

6. Schreiber/Cohen is a debt collector that is collecting a debt on behalf of its client, Cavalry SPV I, LLC.[2]

7. At the time she executed the vehicle lease agreement in 1997, Ms. Leggett resided in Mattapan, Massachusetts.

---

[1] 15 U.S.C. § 1692a(3).

[2] 15 U.S.C. § 1692a(6).

8.     Ms. Leggett continued to reside in Mattapan, Massachusetts in 2000 when the alleged leaseholder, Gold Key Lease, Inc. ("Gold Key") sued Ms. Leggett and a co-signer, Andrew Hedgepeth, a Dorchester resident, in the Central Division of the Boston Municipal Court, for $5,600.43. *EXHIBIT 1, Complaint in C.A. No. 2000 01 CV 271372, dated 10/25/2000.*

9.     Neither Mattapan nor Dorchester are in the judicial district covered by the Central Division of the Boston Municipal Court. G.L. c. 218 § 1.

10.    On February 28, 2001 default judgment entered against Mr. Hedgepeth and Ms. Leggett in the amount of $5756.48. *EXHIBIT 2, Default Judgment in C.A. No. 2000 01 CV 271372, dated 2/28/2001.*

11.    Ms. Leggett received no notice of this collection action. *EXHIBIT 3, Motion to Vacate Default Judgment and Affidavit in Support, C.A. No. 2000 01 CV 271372, dated 6/1/2015*.

12.    On or about April 6, 2015, Defendant debt collector Schreiber/Cohen filed a Complaint for Wage Garnishment against Ms. Leggett in Stoughton District Court in an attempt to collect the same debt, now allegedly owned by Cavalry SPV I, LLC. *EXHIBIT 4, Complaint for Wage Garnishment, C.A. No. 1555 CV 000132, dated 4/6/2015.*

13.    At the time of filing of the Stoughton District Court suit, Trustee Defendant Ideal Healthcare Solutions, LLC had relocated from Canton, Massachusetts to its current location in Easton, Massachusetts.

14.    Easton, Massachusetts is not in the judicial district covered by the Stoughton District Court. G.L. c. 218 § 1.

15. On or about April 22, 2015 a Deputy Sheriff served a copy of the Stoughton District Court Summons and Complaint for Wage Garnishment upon Ms. Leggett. *EXHIBIT 5, Stoughton District Court Summons (bearing attestation of service 4/22/2015).*

16. As of the date of filing of the instant Complaint, no return of service has been filed for the Trustee Defendant, Ideal Healthcare Solutions, LLC.

17. Defendant's service of a summons and wage garnishment complaint has caused Ms. Leggett to experience undue and extraordinary anxiety, fear, stress, and embarrassment, accompanied by physical manifestations such as headache, loss of concentration, and loss of sleep.

## COUNT I
### Violation of FDCPA, 15 U.S.C. § 1692i

18. Ms. Leggett incorporates by reference the allegations contained in Paragraphs 1-17 above as though fully stated herein.

19. Defendant's post-judgment wage garnishment suit is a "legal action on a debt" in which venue must comply with 15 U.S.C. § 1692i.

20. The exemption outlined in the FTC Commentary on 15 U.S.C. § 1692i is inapplicable to Defendant's wage garnishment suit because venue in the original collection action was improper.

21. Moreover, Defendant served a summons and copy of the wage garnishment complaint upon Ms. Leggett, informing her that Schreiber/Cohen, LLC had begun a suit against <u>her</u> and commanding <u>her</u> to respond within twenty (20) days.

22. Thus, Defendant's wage garnishment suit was a legal action on a debt "against a consumer" subject to the FDCPA's venue provision, 15 U.S.C. § 1692i.

23.     The Defendant's unfair debt collection practices caused Ms. Leggett to experience undue fear, anxiety, stress and embarrassment, along with physical manifestations of that emotional distress.

24.     In bringing a legal action on a debt against a consumer in a judicial district other than one in which Ms. Leggett signed the agreement sued upon or in which she resided at he commencement of the action, the Defendant violated 15 U.S.C. 1692i.

25.     As a result of Defendant's unlawful conduct, Ms. Leggett is entitled to actual damages, pursuant to 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1000.00, pursuant to 15 U.S.C. § 1692k(a)(2); costs and reasonable attorney's fees, pursuant to 15 U.S.C. 1692k(a)(3).

## COUNT II
### Violation of FDCPA, 15 U.S.C. § 1692e

26.     Ms. Leggett repeats and re-asserts the allegations contained in Paragraphs 1-25.

27.     The conduct described above violated 15 U.S.C. § 1692e(2)(A) because it falsely represented the legal status of Ms. Leggett's alleged consumer debt, namely, that the debt being collected was the subject of a properly filed wage garnishment action in Stoughton District Court to which she was summonsed and that was actionable there.

28.     The conduct described above violated 15 U.S.C. § 1692e(5) because it constituted a threat to garnish Ms. Leggett's wages through a civil action filed in Stoughton District Court, despite the fact that such action could not legally be taken in that forum.

29.     The conduct described above violated 15 U.S.C. § 1692e(10) because it used false representations and deceptive means to attempt to collect Ms. Leggett's alleged consumer debt.

30.     The Defendant's unfair debt collection practices caused Ms. Leggett to experience undue fear, anxiety, stress and embarrassment, along with physical manifestations of that emotional distress.

31.     As a result of Defendant's unlawful conduct, Ms. Leggett is entitled to actual damages, pursuant to 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2); costs and reasonable attorney's fees, pursuant to 15 U.S.C. 1692k(a)(3).

COUNT III
Violation of FDCPA, 15 U.S.C. § 1692f

32.     Ms. Leggett repeats and re-asserts the allegations contained in Paragraphs 1-31.

33.     The conduct described above violated 15 U.S.C. § 1692f because it constitutes the use of unfair and unconscionable means to attempt to collect a debt.

34.     The Defendant's unfair debt collection practices caused Ms. Leggett to experience undue fear, anxiety, stress and embarrassment, along with physical manifestations of that emotional distress.

35.     As a result of Defendant's unlawful conduct, Ms. Leggett is entitled to actual damages, pursuant to 15 U.S.C. 1692k(a)(1); statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2); costs and reasonable attorney's fees, pursuant to 15 U.S.C. 1692k(a)(3).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ronica Leggett prays that judgment enter against Defendant Schreiber/Cohen, LLC as follows:

(1) For an award of actual damages pursuant to 15 U.S.C. 1692k(a)(1) for the wrongful and illegal attempt to garnish her wages and for emotional distress caused by the wrongful acts and omissions of the Defendant;

(2) For an award of statutory damages of $1000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A);

(3) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3);

(4) For such other and further relief as may be just and proper.

JURY DEMAND

Pursuant to Fed. R. Civ. 38, Plaintiff hereby demands a trial by jury on all issues.

Respectfully submitted,
RONICA LEGGETT,
By her attorney,

Dated: June 1, 2015

*/s/ Barbara L. Horan*
Barbara L. Horan, BBO #652151
Law Office of Barbara L. Horan
800 Hingham Street
Rockland, MA 02370
(855) 488-4400 (t)
(855) 797-4040 (f)
blh@BLHLaw.net

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONICA LEGGETT,<br>Plaintiff<br><br>v.<br><br>SCHREIBER/COHEN, LLC<br>Defendant | )<br>)<br>)<br>) C.A. No.<br>) JURY DEMANDED<br>)<br>)<br>)<br>) |

## VERIFICATION OF COMPLAINT AND CERTIFICATION

I, Ronica Leggett, being duly sworn, hereby depose and state as follows:

1. I am the Plaintiff in this civil maction.

2. I have read the Complaint in the above-captioned civil Complaint prepared by my attorney and I believe that all the facts contained in that Complaint are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well-grounded in fact and warranted by existing law and/or by a good faith argument for the extension, modification, or reversal of existing law.

4. I aver that this Complaint is not interposed for any improper purpose, such as to harass the Defendant, to cause unnecessary delay to the Defendant, or to create a needless increase in the cost of litigation to the Defendant.

5. I am filing this civil Complaint in good faith and solely for the purposes set forth in it.

*/s/ Ronica Leggett*
Ronica Leggett

The above named person Ronica Leggett appeared before me and affixed her signature

*/s/ James P. Smith*

JAMES P. SMITH
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
October 7, 2016